Filed 7/18/24  P. v. Ware CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B332698 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA064251) |
| v. | |
| LEO NORVELL WARE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Chestopher L. Taylor, Judge.  Reversed with instructions.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————————

On appeal, the parties agree that the trial court improperly concluded it lacked jurisdiction to resentence defendant Leo Norvell Ware under Penal Code section 1172.1.[1] We agree, reverse, and remand for resentencing.

## BACKGROUND[2]

A jury convicted defendant of shooting at an inhabited dwelling, discharging a firearm in public, and two counts of possession of a firearm by a felon or an addict. In 2006, the trial court sentenced defendant to an aggregate term of 70 years to life, which included 20 years for four section 667, subdivision (a)(1) priors.[3]

In 2021, defendant filed a pro se petition for resentencing pursuant to section 1171.1. The court appointed counsel for defendant. The People, represented by a deputy district attorney, requested the court strike the section 667, subdivision (a)(1) enhancements. The People referenced section 1172.1, and the

---

[1] Undesignated statutory citations are to the Penal Code.

[2] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1. Because resentencing is required, defendant's challenge to his custody credits is premature and we do not consider it.

[3] Section 667, subdivision (a)(1) provides: "A person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction that includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

2

trial court recognized that the prosecutor's motion was pursuant to section 1172.1. Defendant's counsel argued that under that statute the trial court could fully resentence defendant. Ultimately, the trial court struck the four section 667, subdivision (a)(1) enhancements thus reducing defendant's aggregate sentence to 50 years to life. The trial court rejected defendant's request for a full resentencing because it believed it lacked jurisdiction to resentence defendant.

## DISCUSSION

Although defendant's initial motion was brought under section 1171.1,[4] the prosecutor later brought a motion pursuant to section 1172.1. Section 1172.1 allows a district attorney (among others) to recommend the court recall the sentence and resentence the defendants "in the same manner as if they had not previously been sentenced . . . ." (§ 1172.1, subd. (a)(1); *People v. Vaesau* (2023) 94 Cal.App.5th 132, 138, 144.)[5] Because the

---

[4] Senate Bill No. 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Section 1172.75 provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 [a prison prior], except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a); *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.)

[5] " 'Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03.' [Citation.] Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text.

district attorney recommended resentencing, the trial court had jurisdiction to recall the sentence and resentence the defendant. (See *Vaesau*, *supra*, at p. 148 [once prosecutor makes resentencing request "the court has jurisdiction to resentence the defendant if it chooses to do so"].)  For these reasons, we agree with the parties that the trial court erred in concluding that it lacked such jurisdiction.

## DISPOSITION

The judgment is reversed insofar as it imposes a 50-year-to-life sentence.  The case is remanded for resentencing.
<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.                    WEINGART, J.

---

(Stats. 2022, ch. 58, § 9.)" (*People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.)